**Travis BENNETT, Plaintiff–Appellant,**

v.

**Willie SMITH, et al., Defendants– Appellees.**

**No. 03–2346.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

**634**

Travis Bennett, Ionia, MI, pro se.

Before NORRIS and DAUGHTREY, Circuit Judges; and OLIVER, District Judge.*

### ORDER

Travis Bennett, a Michigan prisoner proceeding pro se, appeals the district court order that dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Bennett sued Ionia Maximum Correctional Facility employees Warden Willie Smith, Deputy Warden Gilman, and Assistant Deputy Warden Huss. Bennett alleged that: (1) the defendants violated his constitutional right to due process by placing him in administrative segregation for sixty-eight days without a hearing; and (2) he was subjected to cruel and unusual punishment when prison staff verbally harassed him and allowed him only four showers during his sixty-eight days in administrative segregation. The district court granted Bennett in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a

claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). The court held that Bennett's placement in administrative segregation did not give rise to a due process claim, and that he had not alleged that the named defendants were responsible for his treatment while in administrative segregation.

On appeal, Bennett argues that: (1) he should not have been placed in administrative segregation when he requested protective custody; (2) the district court should not have dismissed his Eighth Amendment claim; and (3) the district court erred in dismissing his complaint without ruling on his motion for the appointment of counsel. Bennett also requests the appointment of counsel on appeal.

We review de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). The Prison Litigation Reform Act (PLRA) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Upon review, we affirm the district court's decision for the reasons stated by the district court. According to his complaint, Bennett requested protective segregation but was placed in administrative segregation instead. His request for a hearing was denied, and Bennett remained in administrative segregation for sixty-eight days. Placement in administrative segregation does not give rise to a protected liberty interest because it does not constitute an atypical and significant hardship on the inmate. *See Sandin v. Conner,* 515

---

\* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Mackey v. Dyke,* 111 F.3d 460, 463 (6th Cir.1997). Accordingly, Bennett's due process claim fails as a matter of law.

■ The district court also properly held that Bennett's complaint failed to state an Eighth Amendment claim. Bennett alleged that, while in administrative segregation, prison staff taunted him and only permitted him to take four showers over sixty-eight days. Bennett did not claim, however, that the named defendants either participated in his mistreatment or knowingly permitted it. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. *See Taylor v. Mich. Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995). In order to find supervisory personnel liable under § 1983, the plaintiff must allege that the supervisor condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *See id.* Because Bennett did not raise such allegations about Smith, Gilman, or Huss, he failed to state a claim against them.

■ Bennett's argument that the district court should have ruled on his motion for the appointment of counsel is without merit. The PLRA requires district courts to screen and dismiss complaints that fail to state a claim "even before ... the individual has had an opportunity to amend the complaint." *McGore,* 114 F.3d at 608–09; *accord,* 28 U.S.C. § 1915(e)(2). Moreover, there is no right to counsel in prisoner civil rights cases. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir.1996). The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 604–06 (6th Cir.1993). No exceptional circumstances were present in this case.

For the foregoing reasons, we deny Bennett's request for the appointment of coun-

sel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.